1
2
3
4
5
6
7

Marshall A. Lerner (State Bar No. 55224)
mlerner@kleinberglerner.com
Vivian Z. Wang (State Bar No. 289870)
vwang@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone: (310) 557-1511
Facsimile: (310) 557-1540

8    Attorney for Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II

9

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKECHERS U.S.A., INC., a Delaware Corporation, and SKECHERS U.S.A., INC. II, a Delaware Corporation | Case No.: |
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| ELIYA, INC., a New York Corporation, and Does 1 – 10 inclusive, | **(1)  FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION;** |
| Defendants. | **(2)  FEDERAL TRADE DRESS INFRINGEMENT;** |
| | **(3)  FEDERAL TRADE DRESS DILUTION;** |
| | **(4)  BREACH OF CONTRACT;** |
| | **(5)  STATE UNFAIR BUSINESS PRACTICES;** |
| | **(6)  UNJUST ENRICHMENT;** |
| | **(7)  PATENT INFRINGEMENT** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively "Skechers") for their complaint against Defendant Eliya, Inc. ("Eliya") by and through their attorneys, allege as follows:

## NATURE OF THE ACTION

1.     Skechers is a multi-billion-dollar global leader in the lifestyle footwear industry.  Skechers is also a high-performance footwear brand and a world leader in designing cutting-edge footwear.  Over the years, Skechers has invested and spent hundreds of millions of dollars researching, creating, and promoting its new shoe designs.

2.     Skechers recently revolutionized the footwear industry through the release of its wildly popular Skech-Air shoe, a product that significantly changed the consumers' experience of an athletic shoe.  In one package, Skechers combined the comfort of a mesh upper, soft fabric shoe lining, and a memory foam insole, with the performance of a shock absorbing supportive midsole layer, a flex groove design, and an eye-catching unique outsole with visible semi-opaque pillow-shaped air pocket cells.

3.     Skechers' diligence in research and development and its resulting creative achievements have culminated in broad intellectual property protection for Skechers' innovations, including design patents, trademarks, and trade dress protection. Nonetheless, Skechers' designs and innovations have often been the subject of emulation by its competitors.

4.     One such competitor is Defendant Eliya, Inc.  Eliya has blatantly imitated the appearance of Skechers' Skech-Air midsole periphery and outsole bottom to capitalize on Skechers' success.

5.     Eliya recently introduced the Bernie Mev Gummies line of footwear products to compete with Skechers' products.  Instead of pursuing independent product development, Eliya has chosen to slavishly copy Skechers' innovative design in violation of Skechers' valuable intellectual property rights.  As alleged below in detail, Eliya has

made its Gummies line of shoes look like Skechers' products through widespread patent and trade dress infringement.

6.      In August 2015, Skechers notified Eliya of its infringement of Skechers' design patents D655,901, D682,522, and D708,430 (collectively, the "Skechers patents").  Subsequently, the parties entered into a Stipulation of Settlement.  Under the Stipulation of Settlement, Eliya represented and warranted that it has not sold or otherwise imported into the U.S. any products that use the designs claimed in the Skechers patents.  Eliya also promised not to sell or otherwise import into the U.S. shoes that use the designs claimed in the Skechers patents.

7.      Nevertheless, in clear violation of both the letter and spirit of the Stipulation of Settlement, Eliya continues to market, sell, and import its products in a manner that infringes the Skechers patents.

8.      By this action, Skechers seeks to put a stop to Eliya's illegal conduct and obtain compensation for the violations that have occurred thus far.

## PARTIES

9.      Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.

10.     Plaintiff Skechers U.S.A., Inc. II is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.  Skechers U.S.A., Inc. II is a wholly-owned subsidiary of Skechers U.S.A., Inc.

11.     On information and belief, Defendant Eliya, Inc. is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 1029 Teaneck Road, 3B, Teaneck, New Jersey, 07666.  Eliya designs, manufactures, imports, and provides to the U.S. and world markets a range of footwear products under the brand name Bernie Mev.

12.     Does 1 – 10 are unknown to Skechers and sued herein under fictitious names.  They consist of those who have imported, advertised, offered for sale, sold, distributed or otherwise commercially used the accused products described below. When their true names and capacities are ascertained, Skechers will amend this complaint by inserting their true names and capacities.

## JURISDICTION AND VENUE

13.     Jurisdiction in this Court arises under the provisions of 15 U.S.C. §§1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

14.     This Court has personal jurisdiction over Eliya because the entity has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and 15 U.S.C. §§ 1114, 1125, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts by Eliya cause injury to Skechers within this District.  Upon information and belief, Eliya derives revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives revenue from interstate and international commerce.

15.     Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Eliya transacts business within this District and offers for sale in this District products that infringe the Skechers patents and trade dress.  In addition, venue is proper because Skechers' principal place of business is in this District and Skechers suffered harm in this District.  Moreover, a substantial part of the events giving rise to the claim occurred in this District.

## SKECHERS' INTELLECTUAL PROPERTY RIGHTS
### Skechers' Design Patents

16.     Skechers is a leading designer and manufacturer in the lifestyle and performance footwear industry.  As a result of its significant investment in research and development, Skechers has developed countless innovative designs that have revolutionized the footwear industry.  One such design is embodied in the midsole periphery and outsole bottom of the Skechers Skech-Air.

17.     Over the course of several years, Skechers had teams of people working on developing each aspect of the design of the shoe itself in order to make a product that looked entirely different from prior athletic shoes on the market.  The end result was a beautiful combination of elements which gives the Skech-Air its distinctive flex groove periphery and semi-opaque air pocket lined outsole design.

18.     As a direct result of its innovative and distinctive design, the Skech-Air was an instantaneous success with consumers, and its appearance immediately became uniquely associated with Skechers as its source.

19.     Skechers has protected its innovative designs through design patents issued by the United States Patent and Trademark Office.  The Skechers design patents cover the unique and novel ornamental appearance of Skechers' products, which include features such as the flex groove of the midsole periphery and the matrix of air pillow pocket cells.  Skechers owns all rights, title, and interest in and to each of the asserted design patents listed below, copies of which are attached as Exhibits 1-3.

| Patent Number | Title |
| --- | --- |
| D655,901 (the " '901 Patent") | Shoe Outsole and Periphery |
| D682,522 (the " '522 Patent") | Shoe Bottom and Periphery |
| D708,430 (the " '430 Patent") | Shoe Periphery and Bottom |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## Skechers' Trade Dress

20.     Skechers holds trade dress protection in the distinctive design and appearance of the Skech-Air products released to date.

21.     The Skech-Air periphery and outsole design is radically different from the shoes that preceded it.  Many early footwear designs had a flat bottom with shallow grooves and crevices, with the midsole and outsole typically consisting of a unibody construction formed from the same material.  When viewing these early designs from the side in an elevation view, the periphery and outsole bottom presents a subdued impression and comprise only a small part of the overall design features of the shoe. Quite frequently, the periphery and outsole bottom do not incorporate significant design features and are not often, if ever, treated as the focal point of the shoe.

22.     In contrast, the Skech-Air periphery and outsole has a distinctive shape and appearance – rounded pillow-like cells that are clearly visible from the side, a large semi-opaque surface that allows an unobstructed view directly into the pillow-like cell structures, with protruding convexity and hash marks on the surface of each convexity. When viewed laterally, the semi-opaque pillow-like cell structures and the protruding convexities are distinctly discernible and remain prominently visible under the weight of the wearer.  Unlike traditional designs, the periphery of the Skech-Air deviates from a unibody design by incorporating slightly different materials for the periphery and the outsole bottom.  The clear demarcation between the periphery and the outsole bottom is accentuated by a flex groove.

23.     The end result is a distinctive product that is fashionable and stylish as well as comfortable and performance ready.  As such, the Skech-Air design, as shown below, immediately became closely associated with Skechers.  Skechers continues to use the design for its Skech-Air 2.0 and Skech-Air 2.5 generations of footwear products.







24.    The combination of elements of the Skech-Air product design is distinctive and serves to identify Skechers as the source of the Skech-Air products.  These elements are not merely functional and the overall product design is not required to achieve any particular function.  As such, competitors of Skechers have many alternative product designs available to them.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**<u>Skech-Air Trade Dress at Issue</u>**

25.     The following elements of Skechers' product designs comprise the "Skech-Air Trade Dress" at issue in this case:

  a.  rounded pillow-like cells that are clearly visible from the side (as depicted by the blue ovals);

  b.  large semi-opaque surface of each pillow-like cell that allows an unobstructed view directly into the pillow-like cell structures;

  c.  the matrix of pillow-like cells on the outsole bottom;

  d.  protruding convexity and hash marks on the surface of each pillow-like cell structure;

  e.  and the clear demarcation between the midsole periphery and outsole bottom accentuated by a flex groove.

26.     The Skech-Air Trade Dress is embodied in the Skech-Air product and the subsequent Skech-Air 2.0 and Skech-Air 2.5 generations.

**ELIYA'S INFRINGING PRODUCTS**

27.     Rather than innovate and develop its own designs and a unique style for its footwear products, Eliya chose to copy Skechers' innovative design elements in its Bernie Mev brand products.

28.     Eliya had many options in developing its footwear products.  Instead, Eliya chose to infringe Skechers' design patent and trade dress rights through the design and promotion of its Bernie Mev Gummies line to trade upon the goodwill that Skechers has developed in connection with its Skechers Skech-Air family of footwear products.

29.     Specifically, Eliya has imported into, or sold in the U.S., either directly or through its affiliated retailers, the following infringing products, each of which infringes the Skechers patents and trade dress rights: the Gummies Gem, the Gummies Charm (Bronze), the Gummies Charm (Ice), and the Gummies Victoria (collectively, the "Accused Products").

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

2

### **Stipulation of Settlement**

3      30.     In 2015, Eliyah advertised its infringing Bernie Mev Gummies line of

4  footwear for sale at the Platform Show in Las Vegas, Nevada, and the MODA show in

5  the United Kingdom.

6      31.     On or about August 21, 2015, Skechers sent a cease-and-desist letter to Mr.

7  Itamar Carmi, President of Eliya, Inc., informing Eliya of its infringement of the

8  Skechers patents.  Specifically, the Bernie Mev Gummies Gem shoe, shown below, was

9  identified as an infringing product.  The parties subsequently entered into a Stipulation

10  of Settlement in October 2015.

11

12

13

14

15

16



17

18

19

20

21

22

23

24      32.     The Stipulation of Settlement does not provide Eliya with a license under

25  any of the Skechers patents.  Rather, the Stipulation of Settlement reflects the parties'

26  agreement that Eliya will cease its unauthorized use of the Skechers patents and desist

27  from future unauthorized use of the Skechers patents.

28

-8-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

33.     For example, Section 1(a) of the Stipulation of Settlement provides that Eliya is enjoined and restrained from making unauthorized use of any of the Skechers patents.

34.     In Sections 2 and 3 of the Stipulation of Settlement, Eliya represented and warranted that it has not sold or otherwise imported into the U.S. any units of shoes that use the designs covered by the Skechers patents, and that it will not sell or otherwise import shoes that use the designs covered by the Skechers patents in the future.

## **Eliya's Infringement of the Skechers Patents**

35.     As the comparisons shown below reveal, Eliya has misappropriated Skechers' patented product designs in the Accused Products, including the Bernie Mev Gummies shoes depicted below.



COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**'430 Patent**



**Bernie Mev Gummies Gem**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



| '522 Patent | Bernie Mev Gummies Charm (Ice) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



'430 Patent

Bernie Mev Gummies Charm (Bronze)

Bernie Mev Gummies Victoria

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## Eliya's Infringement of Skechers' Trade Dress

36.     Eliya began marketing the Bernie Mev Gummies line of footwear in 2015.

**Skech-Air**                                        **Bernie Mev Gummies Gem**




37.     Each of Eliya's Bernie Mev Gummies shoes embodies a combination of several elements of the Skechers Skech-Air Trade Dress.  Specifically, several of the Gummies shoes, including the Gummies Gem, the Gummies Charm (Bronze), the Gummies Charm (Ice), and the Gummies Victoria include the following elements of the Skech-Air Trade Dress:

        (a)     rounded pillow-like cells that are clearly visible from the side (as depicted by the blue ovals in each photograph below);

**Skech-Air**



-16-

1

**Gummies Gem**



**Gummies Charm (Bronze)**



**Gummies Charm (Ice)**



**Gummies Victoria**



COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(b)     large semi-opaque surface of each pillow-like cell that allows an
        unobstructed view directly into the pillow-like cell structures (as
        depicted by the blue rectangles in each photograph below);

| **Skech-Air** | **Gummies Gem** |
|:---:|:---:|
|  |  |

**Gummies Charm (Bronze)**



**Gummies Charm (Ice)**



**Gummies Victoria**



COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(c)     the matrix of pillow-like cells on the outsole bottom (as depicted by the blue circles in each photograph below);

**Skech-Air**



**Gummies Gem**



**Gummies Charm (Bronze)**



**Gummies Charm (Ice)**



**Gummies Victoria**



COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      (d)    protruding convexity and hash marks on the surface of each pillow-like cell structure (as depicted by the yellow rectangles in the photographs below);

**Skech-Air**

 

**Gummies Gem**

 

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Gummies Charm (Bronze)**




**Gummies Charm (Ice)**




**Gummies Victoria**




COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(e)     and the clear demarcation between the midsole periphery and outsole bottom accentuated by a flex groove (outlined within the double yellow lines in the photographs below).

**Skech-Air**



**Gummies Gem**



**Gummies Charm (Bronze)**



COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Gummies Charm (Ice)**



**Gummies Victoria**



### Eliya's Breach of the Stipulation of Settlement

38.    On information and belief, shortly after the parties entered into the Stipulation of Settlement, Eliya began to market the Bernie Mev Gummies Charm (Bronze) and Gummies Victoria styles.

39.    On or before April 6, 2016, Skechers made a retail purchase of the Gummies Charm (Bronze) and Gummies Victoria styles.

40.    The Gummies Charm (Bronze) and Gummies Victoria styles incorporate the ornamental designs covered by the Skechers patents in clear violation of the Stipulation of Settlement.  The presence of these two styles damages the value of Skechers' exclusive rights in the Skechers patents.  The presence of these two styles also infringes the distinct trade dress of the Skech-Air.

41.    On or before April 13, 2016, Skechers made a retail purchase of the Gummies Gem and Gummies Charm (Ice) styles.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

42.     The Gummies Gem shoe purchased in April 2016 is an exact duplicate of the Gummies Gem shoe referenced in the August 21, 2015 cease-and-desist letter.

43.     The Gummies Charm (Ice) shoe has a periphery and outsole bottom that is identical to the Gummies Gem.

44.     The Gummies Gem and Gummies Charm (Ice) styles incorporate the ornamental designs covered by the Skechers patents in clear violation of the Stipulation of Settlement.  The presence of these two styles damages the value of Skechers' exclusive rights in the Skechers patents.  The presence of these two styles also infringes the distinct trade dress of the Skech-Air.

## FIRST CLAIM FOR RELIEF

### [Federal False Designation of Origin & Unfair Competition – 15 U.S.C. § 1125(a)]

45.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

46.     Skechers is the owner of all rights and title to the distinctive Skechers Skech-Air Trade Dress as embodied in the Skech-Air products.  The Skech-Air Trade Dress is not merely functional.

47.     In addition, based on extensive and consistent advertising, promotion and sales throughout the U.S., the Skech-Air Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Skechers as the source of its products.

48.     Skechers' extensive promotion of the distinctive Skech-Air Trade Dress has resulted in Skechers' acquisition of valuable, legally protected rights in the Skech-Air Trade Dress as well as considerable customer goodwill.

49.     The Eliya Bernie Mev Gummies line of footwear products has misappropriated the Skech-Air Trade Dress by mimicking a combination of several elements of this trade dress.

50.     Eliya's manufacture and distribution of the Bernie Mev Gummies products with product design features that mimic a combination of several elements of the Skech-Air Trade Dress is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of Eliya's Bernie Mev brand with Skechers, or as to the origin, sponsorship, or approval by Skechers of Eliya's Bernie Mev goods or commercial activities.

51.     Eliya's manufacture and distribution of the Bernie Mev Gummies line of footwear products with product design features that mimic a combination of several elements of the Skech-Air Trade Dress enables Eliya to benefit unfairly from Skechers' reputation and success, thereby giving Eliya's infringing products sales and commercial value they would not otherwise enjoy.

52.     Eliya's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Eliya knew of Skechers' Skech-Air Trade Dress when it designed its Bernie Mev Gummies line of products and has continued to make unauthorized use of several Skech-Air features despite Skechers' objections.  Accordingly, Eliya's infringement has been and continues to be intentional, willful, and without regard to Skechers' rights in the Skech-Air Trade Dress.

54.     Skechers is informed and believes, and on that basis alleges, that Eliya has gained profits by virtue of its infringement of the Skech-Air Trade Dress.

55.     Skechers has sustained damages as a direct and proximate result of Eliya's infringement of the Skech-Air Trade Dress in an amount to be proven at trial.

56.     Skechers has been and will continue to be irreparably harmed and damaged by Eliya's conduct insofar as Skechers' invaluable goodwill is being eroded by Eliya's continuing infringement, and Skechers lacks an adequate remedy at law to compensate for this harm and damage.

57.    Pursuant to 15 U.S.C. § 1116, Skechers is entitled to an injunction against Eliya's continuing infringement of the Skech-Air Trade Dress.  Unless enjoined, Eliya will continue its infringing conduct.

58.    As Eliya's actions have been willful, Skechers is entitled to Eliya's profits, treble Skechers' actual damages, an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### [Federal Trade Dress Infringement – 15 U.S.C. § 1114]

59.    Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

60.    Skechers is the owner of all rights and title to the distinctive Skechers Skech-Air Trade Dress as embodied in the Skech-Air products.  The Skech-Air Trade Dress is not merely functional.

61.    The Eliya Bernie Mev Gummies line of products copies and infringes the Skech-Air Trade Dress.

62.    Eliya's manufacture and distribution of the Bernie Mev Gummies line of footwear products with product design features that copy a combination of several elements of the Skech-Air Trade Dress is likely to cause confusion, cause mistake, or deceive the consumer as to the affiliation, connection, or association of Eliya's Bernie Mev brand with Skechers, or as to the origin, sponsorship, or approval by Skechers of Eliya's goods or commercial activities.

63.    Eliya's manufacture and distribution of the Bernie Mev Gummies line of footwear products with product design features that copy a combination of several elements of the Skech-Air Trade Dress enable Eliya to benefit unfairly from Skechers' reputation and success, thereby giving Eliya's infringing products sales and commercial value they would not otherwise enjoy.

64.     Prior to Eliya's first use of Skechers' Skech-Air Trade Dress, Eliya was aware of Skechers' business and had either actual notice and knowledge, or constructive notice of the Skech-Air Trade Dress, and has continued to make unauthorized use of several Skech-Air features despite Skechers' objections.

65.     Eliya's unauthorized use of a trade dress for its Bernie Mev Gummies line that infringes the Skech-Air Trade Dress is likely to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of the Bernie Mev Gummies line of footwear products and/or to cause confusion or mistake as to any affiliation, connection, or association between Skechers and Eliya, inviolation of 15 U.S.C. § 1114(a).

66.     Skechers is informed and believes, and on that basis allges, that Eliya's infringement of the Skech-Air Trade Dress as described herein has been and continues to be intentional, willful, and without regard to Skechers' rights in the Skech-Air Trade Dress.

67.     Skechers is informed and believes, and on that basis alleges, that Eliya has gained profits by virtue of its infringement of the Skech-Air Trade Dress.

68.     Skechers has sustained damages as a direct and proximate result of Eliya's infringement of the Skech-Air Trade Dress in an amount to be proven at trials.

69.     Skechers will suffer and is suffering irreparable harm from Eliya's infringement of the Skech-Air Trade Dress insofar as Skechers' invaluable goodwill is being eroded by Eliya's continuing infringement.  Skechers has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, and goodwill and confusion of potential customers flowing from Eliya's infringing activities.

70.     Pursuant to 15 U.S.C. § 1116, Skechers is entitled to an injunction against Eliya's continuing infringement of the Skech-Air Trade Dress.  Unless enjoined, Eliya will continue its infringing conduct.

71.     As Eliya's actions have been committed with intent to damage Skechers and to confuse and deceive the public, Skechers is entitled to Eliya's profits, treble Skechers'

actual damages, an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### [Federal Trade Dress Dilution – 15 U.S.C. § 1125(c)]

72.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

73.     Skechers is the owner of all rights and title to the distinctive Skechers Skech-Air Trade Dress as embodied in the Skech-Air products.  The Skech-Air Trade Dress has acquired secondary meaning and is not merely functional.

74.     Based on extensive and consistent advertising, promotion and sales throughout the U.S., the Skech-Air Trade Dress is famous.  It serves to identify Skechers as the source of Skechers' products.

75.     The Eliya Bernie Mev Gummies line of footwear products has misappropriated the Skech-Air Trade Dress by mimicking a combination of several elements of the Skech-Air Trade Dress.

76.     Eliya's manufacture and distribution of the Bernie Mev Gummies line of footwear products with product design and features that mimic a combination of several elements of the Skech-Air Trade Dress is likely to cause dilution by blurring of the famous Skechers Skech-Air Trade Dress.

77.     Eliya's actions constitute dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

78.     Eliya knew of Skechers' Skech-Air Trade Dress when it designed its Bernie Mev Gummies line of products and has continued to make unauthorized use of several Skech-Air features despite Skechers' objections.  Accordingly, Eliya's dilution has been and continues to be intentional, willful, and without regard to Skechers' rights in the Skech-Air Trade Dress.

79.     Skechers is informed and believes, and on that basis alleges, that Eliya has gained profits by virtue of its dilution of the Skech-Air Trade Dress.

80.     Skechers has sustained damages as a direct and proximate result of Eliya's dilution of the Skech-Air Trade Dress in an amount to be proven at trial.

81.     Skechers will suffer and is suffering irreparable harm from Eliya's dilution of the Skech-Air Trade Dress insofar as Skechers' invaluable trade dress and goodwill is being eroded by Eliya's continuing sales of the Bernie Mev Gummies products that mimic the Skech-Air Trade Dress.  Skechers has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, and goodwill and confusion of potential customers flowing from Eliya's infringing activities.

82.     Pursuant to 15 U.S.C. § 1116, Skechers is entitled to an injunction against Eliya's continuing dilution of the Skech-Air Trade Dress.  Unless enjoined, Eliya will continue its illegal conduct.

83.     As Eliya's actions have been willful, Skechers is entitled to Eliya's profits, treble Skechers' actual damages, an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF
### [Breach of Contract]

84.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

85.     The Stipulation of Settlement is a valid, binding, and enforceable contract.

86.     Skechers has fulfilled all of its obligations and complied with all conditions and agreements of the Stipulation of Settlement.

87.     On information and belief, Eliya has made and continues to make unauthorized use of the Skechers patents in breach of Section 1(a) of the Stipulation of Settlement.

88.     On information and belief, Eliya has actively sold, and/or imported the Accused Products in the U.S., in breach of Sections 2 and 3 of the Stipulation of Settlement.

89.     Eliya's breach of the Stipulation of Settlement causes Skechers to suffer damages in an amount to be proven at trial.

90.     Eliya's breach of the Stipulation of Settlement causes Skechers to suffer irreparable harm for which there is no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### [Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*]

91.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

92.     The acts of Eliya described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, *et seq.*

93.     Skechers has valid and protectable prior rights in the Skech-Air Trade Dress.  The Skech-Air Trade Dress does not serve any function other than to identify Skechers as the source of its footwear products.  The Skech-Air Trade Dress is inherently distinctive, and, through Skechers' long use, have come to be associated solely with Skechers as the source of the products on which they are used.

94.     Eliya's use of its infringing trade dress is likely to cause confusion as to the source of Eliya's Bernie Mev Gummies line of footwear products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Eliya and Skechers or that Eliya's Bernie Mev products are affiliated with or sponsored by Skechers.

95.     The above-referenced acts and practices by Eliya are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code § 17200, *et seq.*

96.     The above-referenced acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and patent infringement under 35 U.S.C. § 271, and are therefore unlawful acts in violation of California Business & Professions Code § 17200, *et seq.*

97.     Eliya acted willfully and intentionally indesigning its infringing trade dress with full knowledge of Skechers' prior rights in the distinctive Skech-Air Trade Dress, and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Eliya and Skechers or between Eliya's Bernie Mev footwear products and Skechers' products.

98.     The unlawful and fraudulent business practices of Eliya described above present a continuing threat to, and are meant to deceive members of, the public in that Eliya continues to promote its products by wrongfully trading on the goodwill of the Skechers Skech-Air Trade Dress.

99.     As a direct and proximate result of these acts, Eliya has received, and will continue to profit from, the strength of the Skechers Skech-Air Trade Dress.

100.    As a direct and proximate result of Eliya's wrongful conduct, Skechers has been injured in fact and has lost money and profits, and such harm will continue unless Eliya's acts are enjoined by the Court.  Skechers has no adequate remedy at law for Eliya's continuing violation of Skechers' rights.

1

2

### SIXTH CLAIM FOR RELIEF
### [Unjust Enrichment]

3

4

5

101.   Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

6

7

8

102.   As a result of the conduct alleged herein, Eliya has been unjustly enriched to Skechers' detriment.  Skechers seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from Eliya's inequitable activities.

9

10

11

### SEVENTH CLAIM FOR RELIEF
### [Infringement of the '901 Patent]

12

13

14

103.    Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

15

16

17

18

104.   Eliya has infringed and continues to infringe the '901 Patent by using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. one or more of the Bernie Mev products identified in this Complaint, which embody the design covered by the '901 Patent.

19

20

21

105.   Skechers is informed and believes, and on that basis alleges, that Eliya's infringement of the '901 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

22

23

106.   Skechers is informed and believes, and on that basis alleges, that Eliya has gained profits by virtue of its infringement of the '901 Patent.

24

25

26

27

107.   Skechers will suffer and is suffering irreparable harm from Eliya's infringement of the '901 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against Eliya's continuing infringement of the '901 Patent.  Unless enjoined, Eliya will continue its infringing conduct.

28

## EIGHTH CLAIM FOR RELIEF
### [Infringement of the '522 Patent]

108.   Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

109.   Eliya has infringed and continues to infringe the '522 Patent by using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. one or more of the Bernie Mev products identified in this Complaint, which embody the design covered by the '522 Patent.

110.   Skechers is informed and believes, and on that basis alleges, that Eliya's infringement of the '522 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

111.   Skechers is informed and believes, and on that basis alleges, that Eliya has gained profits by virtue of its infringement of the '522 Patent.

112.   Skechers will suffer and is suffering irreparable harm from Eliya's infringement of the '522 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against Eliya's continuing infringement of the '522 Patent.  Unless enjoined, Eliya will continue its infringing conduct.

## NINTH CLAIM FOR RELIEF
### [Infringement of the '430 Patent]

113.   Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

114.   Eliya has infringed and continues to infringe the '430 Patent by using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. one or more of the Bernie Mev products identified in this Complaint, which embody the design covered by the '430 Patent.

115.    Skechers is informed and believes, and on that basis alleges, that Eliya's infringement of the '430 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

116.    Skechers is informed and believes, and on that basis alleges, that Eliya has gained profits by virtue of its infringement of the '430 Patent.

117.    Skechers will suffer and is suffering irreparable harm from Eliya's infringement of the '430 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against Eliya's continuing infringement of the '430 Patent.  Unless enjoined, Eliya will continue its infringing conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II respectfully pray for relief against Defendant Eliya as follows:

1.    A judgment declaring that Defendant Eliya has infringed one or more claims of each of Skechers' asserted design patents;

2.    An order and judgment preliminarily and permanently enjoining Eliya and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement of Skechers' asserted design patents;

3.    A judgment awarding Skechers all damages adequate to compensate for Eliya's infringement of Skechers' asserted design patents, and in no event less than a reasonable royalty for Eliya's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.    A judgment awarding Skechers all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest.

5.    A judgment awarding Skechers all of Eliya's profits, pursuant to 35 U.S.C. § 289 together with prejudgment interest.

6.      An order preliminarily and permanently enjoining Eliya and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from directly or indirectly infringing or diluting the Skechers Skech-Air Trade Dress, or using any other product design or designation similar to or likely to cause confusion with or to dilute the Skech-Air Trade Dress; from passing off Eliya's products as being associated with and/or sponsored or affiliated with Skechers; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Skechers; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Skechers.

7.      A judgment declaring that Defendant Eliya's actions constitute one or more breaches of the Stipulation of Settlement;

8.      Actual damages suffered by Skechers as a result of Eliya's unlawful conduct, in an amount to be proven at trial, as well as prejudgement interest as authorized by law;

9.      Reasonable funds for future corrective advertising;

10.     An accounting of Eliya's profits pursuant to 15 U.S.C. § 1117;

11.     A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

12.     Punitive damages pursuant to California Civil Code § 3294;

13.     Restitutionary relief against Eliya and in favor of Skechers, including disgorgement of wrongfully obtained profits and any other appropriate relief;

14.     Order specific performance of the terms of the Stipulation of Settlement;

15.     Costs of suit and reasonable attorneys' fees; and

16.     Any other remedy to which Skechers may be entitled, including all remedies provided for in 15 U.S.C. §§ 1116, 1117, 35 U.S.C. §§ 284, 285, and 289, and California Business and Professions Code § 17200, *et seq.*, and under any other law that this Court may deem just and proper.

-35-

1

2   April 25, 2016

3

KLEINBERG & LERNER, LLP

By: _____
Marshall A. Lerner

Attorneys for Plaintiffs Skechers U.S.A., Inc.
and Skechers U.S.A., Inc. II

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

## DEMAND FOR JURY TRIAL

2       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-

3  1, plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II demand a trial by jury of

4  any and all issues triable of right by a jury pursuant to the Seventh Amendment to the

5  United States Constitution or as given by a statute of the United States.

6

7                  KLEINBERG & LERNER, LLP

8

9

10

11  April 25, 2016         By:                      

                                           Marshall A. Lerner

12

13              Attorneys for Plaintiffs Skechers U.S.A., Inc.
                  and Skechers U.S.A., Inc. II

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF