Michael N. Cohen (SB# 225348)
*mcohen@cohenip.com*
Joshua H. Eichenstein (SB#299392)
*jeichenstein@cohenip.com*
COHEN IP LAW GROUP
A Professional Corporation
9025 Wilshire Boulevard, Suite 301
Beverly Hills, California  90211
Phone: (310) 288-4500 • Fax: (310) 246-9980

Attorneys for Defendant and Counterclaimant Eliya, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SKECHERS U.S.A., INC., a Delaware Corporation, and SKECHERS U.S.A., INC. II,  a Delaware Corporation<br><br>Plaintiffs,<br>v.<br><br>ELIYA, INC., a New York Corporation, and Does 1-10 inclusive<br>Defendant<br>ELIYA, INC., a New York Corporation<br><br>Counterclaimants,<br><br>v.<br><br>SKECHERS U.S.A., INC., a Delaware Corporation, and SKECHERS U.S.A., INC. II,  a Delaware Corporation | Case No.: 2:16-cv-02820-SJO-AGR<br><br>**DEFENDANT, ELIYA, INC. COUNTERCLAIMS (Answer and Affirmative Defenses filed concurrently herewith)**<br><br>Assigned for all purposes to Hon. S. James Otero<br><br>DEMAND FOR JURY TRIAL |

## COUNTERCLAIMS

Eliya, Inc. a New York limited liability company, ("Eliya") by and through its attorneys, file its Counterclaims against Plaintiffs, SKECHERS U.S.A., INC., a Delaware Corporation, and SKECHERS U.S.A., INC. II, a Delaware Corporation (collectively referred to as "Counter-defendants"). Eliya states as follows:

## PARTIES

1. Eliya is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 1029 Teaneck Road, 3B Teaneck New Jersey, 07666.

2. On information and belief, Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the state of Delaware with its principal place of business located at 228 Manhattan Beach blvd., Manhattan beach, California 90266.

3. On information and belief, Skechers U.S.A. II is a corporation duly organized and existing under the laws of the state of Delaware with its principal place of business located at 228 Manhattan Beach blvd., Manhattan beach, California 90266.

## JURISDICTION AND VENUE

4. The claims for relief set forth in Eliya's Counterclaims arise under the patent laws of the United States, including 35 U.S.C. §§ 102, 103, 171, 271, and 289, the trademark laws of the United States, including 15 U.S.C. § 1125, and the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-02. An actual, substantial, and continuing justiciable controversy exists between Plaintiffs and Defendant with respect to which Defendant requires a declaration of rights by this Court. This Court also has supplemental jurisdiction over Eliya's counterclaims, including the

state law claims, under 28 U.S.C. § 1367 because they arise out of the same matters and transactions alleged in the Complaint.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL CLAIMS

6. Eliya is in the business of creating original shoe designs, as well as manufacturing, promoting and selling shoes throughout the world.

7. Eliya designed and created a particular line of shoes with unique features under its BERNIE MEV® brand, which Counter-defendants allege in paragraph 31-37 of their Complaint to have infringed their patents and unregistered trade dress.

8. The BERNIE MEV® brand has been used in commerce in connection with shoes since 1977. Over the last 40 years BERNIE MEV® has successfully established its own unique space within the shoe marketplace throughout the world.

9. After receipt of Counter-defendant's August 21 2015 cease and desist letter, Eliya denied any and all allegations but subsequently agreed to a Stipulation of Settlement agreement in order to avoid the nuisance of a costly lawsuit.

10. On October 16, 2015, the Stipulation of Settlement was signed by Eliya and Counter-defendants in which, Eliya denied any wrongdoing, and Counter-defendants irrevocably released, waive, relinquish and forever discharged Eliya against any and all claims that arise or related to the Patents.

11. Eliya has not violated the terms of the Stipulation of Settlement.

12. Despite, Eliya's non-infringement and compliance with the agreement, Counter-defendants initiated this action in breach of the Stipulation of Settlement agreement.

## FIRST COUNTERCLAIM

### (Breach of Contract)

13. Eliya re-alleges and incorporates by reference the allegations in paragraphs 1-12, inclusive, as though fully set forth in this paragraph.

14. The Stipulation of Settlement is a valid, binding, and enforceable contract between Eliya and Counter-defendants.

15. Eliya has fulfilled all of its obligations and complied with all terms and conditions of the Stipulation of Settlement.

16. Despite Counter-defendants agreeing to irrevocably release, waive, relinquish and forever discharged Eliya against any and all claims that arise or relate to the Patents, they have breached the agreement by initiating this action against Eliya by alleging Patent infringement of D655,901 S, D682,55 S, and D708,430 S in its Complaint filed 4/25/2016.

17. As a result of Counter-defendants breach of the Stipulation of Settlement it has caused and continues to cause Eliya to suffer damages in the amount to be proven at trial.

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of Trade Dress)

18. Eliya re-alleges and incorporates by reference the allegations in paragraphs 1-17, inclusive, as though fully set forth in this paragraph.

19. An actual and justiciable controversy exists between all Parties as Counter-defendants claim that Eliya's Bernie Mev Gummies line of footwear, particularly (1) the Gummies Gem, (2) the Gummies Charm (Bronze), (3) the Gummies Charm (ice), and (4) the Gummies Victoria (collectively referred to as "Gummy Products") use of rounded bubble shaped shoe bottoms constitute trade dress infringement of Skech-Air shoe products.

20. Counter-defendants specifically allege the Sketch Air trade dress

consists of:

    a. rounded pillow-like cells that are clearly visible from the side;

    b. large semi-opaque surface of each pillow-like cell that allows an unobstructed view directly into the pillow-like cell structures;

    c. the matrix of pillow-like cells on the outsole bottom;

    d. protruding convexity and hash marks on the surface of each pillow-like cell structure;

    e. and the clear demarcation between the midsole periphery and outsole bottom accentuated by a flex groove.

21. No aspect or element of the Plaintiffs' trade dress elements a-e serves as a source identifier in the minds of the consuming public, and thus there is no protectable trade dress therein.

22. Eliya claims, and seeks this Court's declaration, that the alleged trade dress is not distinctive, not original, is ornamental and there is no likelihood of confusion as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics, qualities and/or geographic origin between Eliya and Counter-defendants.

23. Eliya further claims, and seeks the Court's declaration that Counter-defendants' alleged trade dress is purely functional and does not have any secondary meaning, and there is no likelihood of confusion as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics, qualities and/or geographic origin between Eliya and Counter-defendants.

## THIRD COUNTERCLAIM
### (Declaration Of Invalid Trade Dress)

24. Eliya re-alleges and incorporates by reference the allegations in paragraphs 1-23, inclusive, as though fully set forth in this paragraph.

25. An actual and justiciable controversy exists between all Parties as

Counter-defendants claim that Eliya's Bernie Mev Gummies line of footwear, particularly (1) the Gummies Gem, (2) the Gummies Charm (Bronze), (3) the Gummies Charm (ice), and (4) the Gummies Victoria (collectively referred to as "Gummy Products") use of rounded bubble shaped shoe bottoms constitute trade dress infringement of Skech-Air shoe products.

26. Counter-defendants specifically allege the Skech Air trade dress consists of:

    a. rounded pillow-like cells that are clearly visible from the side;

    b. large semi-opaque surface of each pillow-like cell that allows an unobstructed view directly into the pillow-like cell structures;

    c. the matrix of pillow-like cells on the outsole bottom;

    d. protruding convexity and hash marks on the surface of each pillow-like cell structure;

    e. and the clear demarcation between the midsole periphery and outsole bottom accentuated by a flex groove.

27. On information and belief, the Skech Air trade dress is not registered with the United States Patent and Trademark Office.

28. The Skech Air trade dress is not valid because the claimed elements are purely functional and lack distinctiveness. Further, the Skech Air trade dress lacks any source identifier or secondary meaning, and there is no likelihood of confusion as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics, qualities and/or geographic origin between Eliya and Counter-defendants.

29. Eliya seeks a judgment declaring that there are no assertable trade dress rights in the Skechers Air product.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of U.S. DESIGN PATENT NO. D655,901)

30. Eliya re-alleges and incorporates by reference the allegations in paragraphs 1-29, inclusive, as though fully set forth in this paragraph.

31. Counter-defendants allege Eliya infringed D655,901 Design Patent. In the Answer, Eliya denies that they have infringed said patent. Accordingly there exists a substantial and continuing justicable controversy between the Parties as to the non-infringement of the '901 patent.

32. Eliya requests that the court enter a declaratory judgment that Eliya has not infringed the D655,901 design patent.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. DESIGN PATENT NO. D655,901)

33. Eliya re-alleges and incorporates by reference the allegations in paragraphs 1-32, inclusive, as though fully set forth in this paragraph.

34. Counterclaim-defendants allege Eliya infringed D655,901 Design Patent, that it is valid and enforceable. Eliya alleges that the D655,901 patent is invalid for failure to comply with one or more provision of the Patent Law of the United States, 35 U.S.C. §§ 101 *et seq.,* including, without limitation 35 U.S.C §§102, 103, and/or 112. Accordingly there exists a substantial and continuing justicable controversy between the Parties as to the invalidity of the '901 patent.

35. The alleged invention of the '901 Patent is functional and is not a new, original, and ornamental design for an article of manufacture. Thus, the '901 Patent is invalid under 35 U.S.C. § 171.

36. Eliya seeks a judicial determination and declaration of the respective rights and duties of the parties based on Eliya's contentions that the D655,901

Patent is invalid.

## SIXTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of U.S. DESIGN PATENT NO. D682,522)**

37. Eliya re-alleges and incorporates by reference the allegations in paragraphs 1-36, inclusive, as though fully set forth in this paragraph.

38. Counter-defendants allege Eliya infringed D682,522 Design Patent. In the Answer, Eliya denies that they have infringed said patent. Accordingly there exists a substantial and continuing justicable controversy between the Parties as to the non-infringement of the '522 patent.

39. Eliya requests that the court enter a declaratory judgment that Eliya has not infringed the D682,522 design patent.

## SEVENTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of U.S. DESIGN PATENT NO. D682,522)**

40. Eliya re-alleges and incorporates by reference the allegations in paragraphs 1-39, inclusive, as though fully set forth in this paragraph.

41. Counterclaim-defendants allege Eliya infringed D682,522 Design Patent, that it is valid and enforceable. Eliya alleges that the D682,522 patent is invalid for failure to comply with one or more provision of the Patent Law of the United States, 35 U.S.C. §§ 101 *et seq.,* including, without limitation 35 U.S.C §§102, 103, and/or 112. Accordingly there exists a substantial and continuing justicable controversy between the Parties as to the invalidity of the '522 patent.

42. The alleged invention of the '522 Patent is functional and is not a new, original, and ornamental design for an article of manufacture. Thus, the '522 Patent is invalid under 35 U.S.C. § 171.

43. Eliya seeks a judicial determination and declaration of the respective rights and duties of the parties based on Eliya's contentions that the D682,522 Patent is invalid.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of U.S. DESIGN PATENT NO. D708,430)

44. Eliya re-alleges and incorporates by reference the allegations in paragraphs 1-43, inclusive, as though fully set forth in this paragraph.

45. Counter-defendants allege Eliya infringed D708,430 Design Patent. In the Answer, Eliya denies that they have infringed said patent. Accordingly there exists a substantial and continuing justicable controversy between the Parties as to the non-infringement of the '430 patent.

46. Eliya requests that the court enter a declaratory judgment that Eliya has not infringed the D708,430 design patent.

## NINTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. DESIGN PATENT NO. D708,430)

47. Eliya re-alleges and incorporates by reference the allegations in paragraphs 1-46, inclusive, as though fully set forth in this paragraph.

48. Counterclaim-defendants allege Eliya infringed D708,430 Design Patent, that it is valid and enforceable. Eliya alleges that the D708,430 patent is invalid for failure to comply with one or more provision of the Patent Law of the United States, 35 U.S.C. §§ 101 *et seq.,* including, without limitation 35 U.S.C §§102, 103, and/or 112. Accordingly there exists a substantial and continuing justicable controversy between the Parties as to the invalidity of the '430 patent.

49. The alleged invention of the '430 Patent is functional and is not a new, original, and ornamental design for an article of manufacture. Thus, the '430 Patent is invalid under 35 U.S.C. § 171.

50. Eliya seeks a judicial determination and declaration of the respective rights and duties of the parties based on Eliya's contentions that the D708,430 Patent is invalid.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Eliya Inc. respectfully request the following relief:

A. That Counterclaim-Defendants' Complaint be dismissed with prejudice, and that they take nothing by way of its Complaint;

B. That a judgment be entered declaring that each and every patent, trade dress, referenced herein in invalid, unenforceable under one or more of the doctrines of functionality, lack of secondary meaning, estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and/or other equitable theories; and not been infringed by Eliya;

C. Judgment denying any preliminary or permanent injunctive relief in favor of Plaintiffs against Eliya;

D. A judgment in favor of Eliya on all of its Counterclaims;

E. That Eliya be awarded their costs and disbursements in this action;

F. That this case be declared as exceptional pursuant to 35 U.S.C. §285 and 15 U.S.C. §1117(a);

G. That Eliya be awarded their reasonable attorneys' fees; and

  H. That Eliya be granted such other and further relief as the Court deems just and proper.

Dated: July 6, 2016       COHEN IP LAW GROUP, P.C.


           By: */s/* Michael N. Cohen
             Michael N. Cohen
             Joshua H. Eichenstein
             Attorneys for Defendant/Counterclaimant
             Eliya, Inc.

# **DEMAND FOR JURY TRIAL**

Defendant, Eliya Inc., demands a trial by jury for all claims.

Dated: July 6, 2016

    Michael N. Cohen,
    Joshua H. Eichenstein, of
    COHEN IP LAW GROUP, P.C.

By: */s/Michael N. Cohen/*
Michael N. Cohen
Joshua H. Eichenstein
Attorneys for Defendant/Counterclaimant
Eliya, Inc.